[Cite as *State v. Clemente*, 2013-Ohio-5213.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-120828 |
| | | TRIAL NO. 12TRC-9125 A |
| Plaintiff-Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| BRADLEY CLEMENTE, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: November 27, 2013

*John P. Curp*, City Solicitor, *Charles Rubenstein*, City Prosecutor, and *Christopher Liu*, Assistant City Prosecutor, for Plaintiff-Appellant,

*Robert Healey*, for Defendant-Appellee.

Please note: this case has been removed from the accelerated calendar.

**DeWINE, Judge.**

{¶1} This is an appeal by the city of Cincinnati from a trial court decision that granted a motion to suppress the results of a breath-alcohol test. The trial court granted the motion based upon noncompliance with Ohio Department of Health ("ODH") regulations. Specifically, it found a violation of an ODH regulation that required that the "results" of breath-alcohol tests be maintained for three years. The problem was that, because of a computer glitch, certain data from earlier tests performed on other individuals had not been retained. The court also found that ODH had failed to establish procedures for issuing permits for Intoxilyzer 8000 operators as required by Ohio law. Our holdings in two prior opinions of this court, *State v. McNett*, 1st Dist. Hamilton No. C-120824, 2013-Ohio-5099, and *State v. McMahon*, 1st Dist. Hamilton No. C-120728, 2013-Ohio-2557, compel that we reverse the decision of the trial court.

{¶2} On February 21, 2012, Bradley Clemente was arrested and charged with driving under the influence of alcohol under R.C. 4511.19(A)(1)(a), driving with a prohibited level of alcohol in his breath under R.C. 4511.19(A)(1)(d), and speeding under R.C. 4511.21(C). He submitted to a breathalyzer test on an Intoxilyzer 8000 machine with the serial number 80-004096, located at the Cincinnati District 2 police station.

{¶3} Mr. Clemente filed a motion to suppress the result of his breath test. The trial court consolidated his motion with those of defendants Rachel McNett, Jeffrey Inman, and Eric Muchmore, whose breath tests were also administered on the same machine, solely for the purpose of determining whether the city met its burden of showing substantial compliance with the ODH regulations. After an evidentiary hearing, the trial court found that the city failed to meet its burden and granted the motion to suppress. The trial court determined that the city failed to comply with Ohio

Adm.Code 3701-53-01(A), which mandates that the results of breath-alcohol tests be retained for at least three years. The trial court also found that the ODH had not established procedures for issuing permits for Intoxilyzer 8000 operators, as required by R.C. 4511.19 and 3701.143. While we defer to the trial court's factual findings, we review whether those facts demonstrate substantial compliance under a de novo standard. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8.

{¶4} The testimony at the hearing revealed that a breath-alcohol test on the Intoxilyzer 8000 consists of two breath samples, the lower of which is used as the final breath-alcohol result. The machine successfully printed a "subject test report" containing this information for Mr. Clemente's breath-alcohol test. As a result of an ODH server error, however, data from breath tests administered on the machine between December 15, 2011, and December 22, 2011, was not uploaded to the ODH database. By comparing its records with a logbook of test results kept at the District 2 police station, the ODH determined that Cincinnati police performed tests on ten individuals during this time. The ODH duplicated the results of the tests from the logbook, but additional data not included in the logbook has been irretrievably lost.

{¶5} In its first assignment of error, the city contends that the trial court erred by finding that the ODH failed to establish qualifications for issuing permits for Intoxilyzer 8000 operators as required by R.C. 4511.19 and 3701.143. We addressed this issue in *McMahon*, 2013-Ohio-2557. In *McMahon*, we noted that R.C. 3701.143 authorizes the director of health to issue permits to breath-alcohol machine operators, and we found the ODH's position that an operator access card is a type of operator permit to be supported by the relevant code provisions. *Id.* at ¶ 13-14. Given our decision in *McMahon*, we sustain the first assignment of error.

3

{¶6} The city contends in its second assignment of error that the trial court erred in suppressing the test result based on noncompliance with the record-retention provisions. We evaluated the record-retention issue in appeals by the other defendants consolidated for the hearing below. *State v. Muchmore*, 1st Dist. Hamilton No. C-120830, 2013-Ohio-5100; *McNett*, 2013-Ohio-5099. In those decisions, we noted that Ohio Adm.Code 3701-53-01(A) requires only that the results of the tests be retained, and we held that the "result" is the lower of the two breath-alcohol measurements taken during the test. *Muchmore* at ¶ 31; *McNett* at ¶ 31. The ODH duplicated the results of the missing tests by consulting the District 2 logbook, and although it cannot recover all the extrinsic data from those tests, there is no provision requiring it to do so.

{¶7} When a defendant challenges the admission of a breath-alcohol test result in a motion to suppress, courts apply a burden-shifting analysis. The state must show substantial compliance with ODH regulations, and if the state meets that burden, a rebuttable presumption arises that the test results are admissible. *Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, at ¶ 24; *State v. Booth*, 1st Dist. Hamilton No. C-070184, 2008-Ohio-1274. Then, the burden shifts back to the defendant to show that he or she "was prejudiced by anything less than strict compliance." *Burnside* at ¶ 24. In this case, we believe that the city has demonstrated at least substantial compliance with the requirements of Ohio Adm.Code 3701-53-01(A) because the "results" were maintained. Furthermore, Mr. Clemente has not shown any prejudice. His test result was not lost, the results of the ten missing tests have been ascertained, and he has not shown how the speculative loss of any additional test results compromises the accuracy or evidentiary value of his own breath-alcohol result. The second assignment of error is sustained.

4

{¶8}     For the above reasons, we reverse the judgment of the trial court and remand the case for further proceedings.

**DINKELACKER, P.J.,** and **FISCHER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.