[Cite as *State v. Inman*, 2014-Ohio-97.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                      :          APPEAL NO. C-120829
                                               TRIAL NO. 12TRC-16810B
    Plaintiff-Appellant,        :
                                                    *O P I N I O N.*
  vs.                               :

JEFFREY INMAN,                      :

    Defendant-Appellee.         :


Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  January 15, 2014


*John P. Curp*, City Solicitor, *Charles Rubenstein*, City Prosecutor, and *Christopher Liu*, Assistant City Prosecutor, for Plaintiff-Appellant,

*Herzner Law, LLC*, and *R. Shane Herzner,* for Defendant-Appellee.



Please note:  this case has been removed from the accelerated calendar.

**DINKELACKER, Presiding Judge.**

{¶1} Plaintiff-appellant the city of Cincinnati appeals the trial court's decision suppressing the result of defendant-appellee Jeffrey Inman's breath-alcohol test. Because we hold that the city substantially complied with the Ohio Department of Health ("ODH") regulations regarding breath-alcohol testing, we reverse the trial court's judgment.

{¶2} On April 7, 2012, Inman was charged with operating a motor vehicle under the influence of alcohol in violation of former R.C. 4511.19(A)(1)(a), operating a motor vehicle with a prohibited breath-alcohol content in violation of former R.C. 4511.19(A)(1)(h), and failure to maintain reasonable control under R.C. 4511.202. He submitted to a breath-alcohol test on an Intoxilyzer 8000 located at the Cincinnati District 2 police station. It yielded a result of .237 grams by weight of alcohol per 210 liters of breath.

{¶3} Inman subsequently filed a motion to suppress the result of the breath-alcohol test on a number of grounds. The trial court consolidated his motion with similar motions by defendants Rachel McNett, Eric Muchmore and Bradley Clemente, whose breath tests had been administered on the same machine at District 2, solely for the pretrial determination of whether the city had acted in substantial compliance with ODH regulations pertaining to the Intoxilyzer 8000 machine.

{¶4} At an evidentiary hearing on the combined motions to suppress, the city presented the testimony of Mary Martin, the program administrator for alcohol and drug testing at ODH. The trial court found that the city had failed to comply with Ohio Adm.Code 3701-53-01(A), which mandates that the results of breath-alcohol tests be retained for at least three years. It also found that ODH had not established procedures for issuing permits for Intoxilyzer 8000 operators, as

required by R.C. 4511.19 and 3701.143. Therefore, it granted the motions to suppress filed by Inman and the other defendants. The city has filed a timely appeal under R.C. 2945.67(A) and Crim.R. 12(K) from the trial court's judgment.

{¶5} Appellate review of a motion to suppress presents a mixed question of law and fact. We must accept the trial court's findings of fact as true if competent, credible evidence supports them. But we must independently determine whether the facts satisfy the applicable legal standard. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8; *State v. Ojile*, 1st Dist. Hamilton Nos. C-110677 and C-100678, 2012-Ohio-6015, ¶ 61.

{¶6} When a defendant challenges the admission of a breath-alcohol test, courts apply a burden shifting analysis. The state must show substantial compliance with ODH regulations, and if the state meets that burden, a rebuttable presumption arises that the test results are admissible. *Burnside* at ¶ 24; *State v. Muchmore*, 1st Dist. Hamilton No. C-120830, 2013-Ohio-5100, ¶ 16. Then, the burden shifts back to the defendant to show that he was prejudiced by anything less than strict compliance. *Burnside* at ¶ 24; *Muchmore* at ¶ 16.

{¶7} The city presents two assignments of error for review. In its first assignment of error, the city contends that the trial court erred in holding that ODH had failed to promulgate the necessary qualifications for operators of the Intoxilyzer 8000. It argues that ODH has established a procedure and requirements for obtaining a permit to use the Intoxilyzer 8000. This assignment of error is well taken.

{¶8} In *State v. McMahon*, 1st Dist. Hamilton No. C-120728, 2013-Ohio-2557, this court reversed the trial court's judgment which had relied upon the same reasoning employed by the trial court in this case in suppressing the defendant's breath-alcohol test results. In *McMahon*, as in this case, Martin had testified that

ODH had a standardized process for obtaining an operator access card for the Intoxilyzer 8000 as provided for in Ohio Adm.Code 3701-53-07 and 3701-53-09. ODH had taken the position that the access card was the permit issued to an operator of the Intoxilyzer 8000. *Id.* at ¶ 11.

{¶9} We stated, "After a detailed review of the relevant statutes, we find that the department of health has promulgated the necessary qualifications for the issuance of an operator access card." *Id.* at ¶ 13. We added, "We are persuaded by Martin's testimony espousing the department of health's position that the access card is the type of permit issued to an operator of an Intoxilyzer 8000 machine." *Id.* We further held that when the relevant administrative code provisions were read together, they supported the ODH's interpretation. *Id.* at ¶ 14.

{¶10} Based on our decision in *McMahon*, we hold that the trial court erred in granting Inman's motion to suppress on the basis that ODH had failed to set forth the requirements for obtaining an operator access card. *See Muchmore*, 2013-Ohio-5100, at ¶ 18-21; *State v. McNett*, 1st Dist. Hamilton No. C-120824, 2013-Ohio-5099, ¶ 18-21. We, therefore, sustain the city's first assignment of error.

{¶11} In its second assignment of error, the city contends that the trial court erred in suppressing the breath-alcohol test result based upon noncompliance with the record retention provisions in the administrative code. It argues that the trial court erred in holding that the city had not substantially complied with Ohio Adm.Code 3701-53-01(A)(1), requiring it to retain subject test results for three years. This assignment of error is well taken.

{¶12} The testimony at the hearing showed that breath-alcohol test on the Intoxilyzer 8000 consists of two breath samples, the lower of which is used as the final breath-alcohol result. The machine successfully printed a "subject test report" containing this information for Inman's breath-alcohol test.

4

{¶13} But, as a result of an ODH server error, data from breath tests administered on the machine from December 15, 2011, through December 22, 2011, was not uploaded to the ODH database. By comparing its records with a logbook of test results kept at the District 2 police station, ODH determined that the police performed tests on ten individuals during that time. ODH duplicated the results of those lost tests from the logbook, but additional data not included in the logbook was irretrievably lost.

{¶14} In appeals by the other defendants in the consolidated hearing, we held that the result of the breath-alcohol test that the state is required to maintain is the lower of the two breath-test samples. Because the city maintained that result, it substantially complied with the requirements of Ohio Adm.Code 3701-53-01(A), despite the loss of data from December 15 through December 22, 2011. *See State v. Clemente*, 1st Dist. Hamilton No. C-120828, 2013-Ohio-5213, ¶ 6-7; *Muchmore*, 2013-Ohio-5100, at ¶31-32; *McNett*, 2013-Ohio-5099, at ¶ 31-32.

{¶15} Further, Inman has not shown any prejudice related to the lost data. His test result was not lost, ODH has determined the results of the ten missing tests, and he has not shown how the speculative loss of any additional test results compromised the accuracy or evidentiary value of his own breath-alcohol test result. Consequently, we sustain the city's second assignment of error. We reverse the trial court's judgment and remand the cause for further proceedings.

Judgment reversed and cause remanded.

**FISCHER** and **DEWINE, JJ.,** concur.

Please note:

The court has recorded its own entry this date.

5